KENOSHA TEACHERS UNION LOCAL 557 and another, Appellants, v. WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent.

*No. 254. Argued May 6, 1968.—Decided June 4, 1968.*
(Also reported in 158 N. W. 2d 914.)

---

198

200

"..."

For the appellants there was a brief by *Goldberg, Previant & Uelmen* of Milwaukee, and oral argument by *Richard M. Goldberg*.

For the respondent the cause was argued by *William H. Wilker*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

CONNOR T. HANSEN, J. This appeal presents two issues:

(1) Whether the trial court erred in not determining as a matter of law that one motivating factor in the nonrenewal of Spaight's contract was his involvement in union activities.

(2) Whether there is substantial evidence, in view of the record as a whole, to support the determination of the WERC that nonrenewal of Spaight's contract was not motivated by his union activities.

(1) We have carefully reviewed the entire record in this proceeding and conclude that in this particular case the question of whether union activity was a motivating factor in the nonrenewal of the teaching contract was a question of fact and not one of law.

Appellants contend that the fourth reason enumerated by Hosmanek in support of his recommendation relates to a brief, but heated discussion which occurred between

the librarian and Spaight in the professional library. It is uncontroverted that the topic of discussion was unionism and teaching professionalism. It is also undisputed that the librarian reported the incident to Hosmanek who later mentioned this to Spaight as an example of the latter's unprofessional attitude. However, the undisputed occurrence of the incident does not, in and of itself, constitute a motivating factor as a matter of law. The incident must be viewed within the scope of the relationship between Hosmanek and Spaight. Spaight was not exceptionally active in the union. He was neither an organizer, nor an officer, agent or steward. Hosmanek testified that at the time he began evaluating Spaight he had no knowledge of Spaight's participation in either the KTU or the Kenosha Education Association (KEA). He also testified that when he composed the teacher evaluation during Spaight's second year, the only indication Hosmanek had of Spaight's relation to the KTU was the librarian's complaint relating to the library incident.

Therefore the question of whether the library incident constituted a motivating factor, was a question of fact and properly within the scope of the WERC's review. We deem it significant that the WERC made the following specific finding:

". . . the refusal of the School Board to renew Spaight's teaching contract *was not motivated* for the purpose of discouraging activity or membership in any employe organization, including the KTU, and that the action by the School Board in this regard was based on Spaight's performance and behavior in relationship to his teaching position." (Emphasis added.)

The findings of the WERC in this case were rendered over a year before the decision of this court in *Muskego-Norway Consolidated Schools Joint School Dist. No. 9 v. Wisconsin Employment Relations Board* (1967), 35 Wis. 2d 540, 151 N. W. 2d 617. However, both the trial court and the WERC were cognizant of the motivating

factor criteria as explained by this court in *Muskego-Norway, supra,* page 562:

"Although these cases (several federal cases) all involve a construction of unfair labor practices under the Wagner Act, the case of *St. Joseph's Hospital v. Wisconsin Employment Relations Board* [3] adopts their legal conclusion that an employee may not be fired when one of the motivating factors is his union activities, no matter how many other valid reasons exist for firing him."

The appellants possessed the burden of proof before the WERC. The appellants must establish that the union activity of Spaight was a motivating factor in the non-renewal of his contract by the clear and satisfactory preponderance of the evidence. *See* sec. 111.07 (3), Stats.; [4] *Century Building Co. v. Wisconsin Employment Relations Board* (1940), 235 Wis. 376, 382, 291 N. W. 305.

The trial court correctly concluded that in this case a question of fact was presented for determination by the WERC and not a question of law.

(2) Appellants contend that the findings and conclusions of the WERC are erroneous and not supported by substantial evidence in view of the record as a whole. Appellants specifically contest the finding that the non-renewal of Spaight's contract was not motivated by union activities but was based upon his performance and behavior in relation to his teaching position.

In *Muskego-Norway Consolidated Schools Joint School Dist. No. 9 v. Wisconsin Employment Relations Board,*

---

[3] (1953), 264 Wis. 396, 59 N. W. 2d 448.

[4] "111.07 **Prevention of unfair labor practices.**

". . .

"(3) A full and complete record shall be kept of all proceedings had before the board, and all testimony and proceedings shall be taken down by the reporter appointed by the board. Any such proceedings shall be governed by the rules of evidence prevailing in courts of equity and the party on whom the burden of proof rests shall be required to sustain such burden by a clear and satisfactory preponderance of the evidence."

*supra,* this court reiterated the standard of judicial review of the findings of the WERC. It is well established that under sec. 227.20 (1) (d), Stats.,[5] judicial review of WERC findings determines whether or not the questioned finding is supported by "substantial evidence in view of the entire record."

In *Copland v. Department of Taxation* (1962), 16 Wis. 2d 543, 554, 114 N. W. 2d 858, this court explained what is meant by substantial evidence by quoting from an article entitled *"Substantial Evidence" in Administrative Law,* 89 Univ. of Pa. L. Rev. (1941), 1026, 1038:

" '[T]he term "substantial evidence" should be construed to confer finality upon an administrative decision on the facts when, upon an examination of the entire record, the evidence, including the inferences therefrom, is found to be such that a reasonable man, acting reasonably, *might* have reached the decision; but, on the other hand, if a reasonable man, acting reasonably, *could not* have reached the decision from the evidence and its inferences then the decision is not supported by substantial evidence and it should be set aside.' "

Moreover, in *Copland,* this court noted that substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and then determined:

"We deem that the test of reasonableness is implicit in the statutory words 'substantial evidence.' However,

5 "227.20 **Scope of review.** (1) The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, testimony thereon may be taken in the court. The court may affirm the decision of the agency, or may reverse or modify it if the substantial rights of the appellant have been prejudiced as a result of the administrative findings, inferences, conclusions or decisions being:

". . .

"(d) Unsupported by substantial evidence in view of the entire record as submitted; . . ."

in applying this test the crucial question is whether a reviewing court is only to consider the evidence which tends to support the agency's findings, or whether it is also to consider the evidence which controverts, explains, or impeaches the former. Use of the statutory words 'in view of the entire record as submitted' strongly suggests that the test of reasonableness is to be applied to the evidence as a whole, not merely to that part which tends to support the agency's findings."

Appellant's contention is based upon the allegedly adverse attitudes of Principal Hosmanek and upon an analysis of the reasons supporting Hosmanek's written recommendation of nonrenewal.

Concerning Principal Hosmanek's attitudes, the WERC filed an explanatory memorandum along with its findings, which memorandum detailed the complaints against him and concluded:

"We have carefully reviewed the testimony and other evidence surrounding the decision of Hosmanek to recommend the non-renewal of the teaching contract of Colin Spaight for the 1965–66 school year. We are satisfied that Hosmanek's recommendation and the determination by the School Board in the non-renewal of Spaight's teaching contract was not motivated by his concerted activity on behalf of either of the organizations, or the lack thereof, and therefore, we have concluded that such action did not constitute unlawful discrimination against Spaight nor was it intended to unlawfully interfere, restrain or coerce any of the teachers in the employ of the School Board."

As previously stated, in the evaluation of Spaight by Hosmanek when making his ultimate recommendation to the Board of Education, the tenure status of Spaight was a matter for consideration. Hosmanek was not the sole source of this evaluation. Charles Danke, assistant principal, testified that it was his duty to help evaluate teachers who had not gained tenure status. He recommended to Principal Hosmanek that the contract of Spaight not be renewed. All of the observations of

Danke upon which his recommendation is based relate solely and only to the teaching ability of Spaight. These observations are also supported by the teacher evaluation summary of him. It is also significant that the contracts of two other teachers were not renewed for the same general reasons and one of these teachers was very active in the Kenosha Education Association which was an association allegedly given preferential treatment as to KTU.

The WERC is the judge of the credibility of the witnesses and the reviewing court is not to substitute its judgment for the judgment of the board. *St. Francis Hospital v. Wisconsin Employment Relations Board* (1959), 8 Wis. 2d 308, 318, 98 N. W. 2d 909; *St. Joseph's Hospital v. Wisconsin Employment Relations Board, supra,* 401, 402.

It is, therefore, our determination that the findings of the WERC are supported by substantial evidence when considering the entire record.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.